UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN BLAYLOCK, )
)
        Petitioner, )
)
vs. ) Case No. 1:16-cv-1609-TWP-MJD
)
SUPERINTENDENT, )
)
        Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus**

This matter is before the Court on a petition for writ of habeas corpus filed by Petitioner John Blaylock, challenging a prison disciplinary proceeding identified as No. NCF 16-04-256. For the reasons explained in this entry, Mr. Blaylock's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On April 26, 2016, Officer LaBoyteaux wrote a Report of Conduct in case NCF 16-04-256 charging Mr. Blaylock with possession of a narcotic. The Conduct Report states:

I Ofc. LaBoyteaux on the above date and approximate time was conducting a shakedown with K9 Kilo. While searching the property box C2-223 K9 Kilo indicated the possibility of narcotics in a small clear bag with a white powdery substance. I then notified Sgt. Denny. The property box belonged to Offender Blaylock, John #860519.

[Dkt. 8-1].

On April 29, 2016, Mr. Blaylock was notified of the charge and was given a copy of the Conduct Report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate. He did not request a witness. He also requested the substance be sent to the lab for further testing. This request was denied because the substance had been sent to Internal Affairs for testing. [Dkt. 8-3].

The hearing officer conducted a disciplinary hearing in NCF 16-04-256 on May 3, 2016. Mr. Blaylock's comment was "It was salt and flour. I wanted it tested at a lab." [Dkt. 8-5]. The hearing officer found Mr. Blaylock guilty of possession of a controlled substance. He considered all evidence including staff reports, the offender's statement, and the physical evidence, which included the pictures and confidential e-mail from Internal Affairs. The hearing officer also stated that the reason for his decision was that Internal Affairs tested the substance and it tested positive for cocaine. The hearing officer recommended the following sanctions that were approved: disciplinary segregation (time served); thirty (30) days lost commissary and phone privileges; 90 days of earned credit time deprivation; and a demotion from credit class 1 to credit class 2. [Dkt. 8-5].

Mr. Blaylock appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

**C. Analysis**

Mr. Blaylock is not entitled to habeas relief because he was afforded due process. He argues he was denied due process because he was disciplined without the substance found in his property box being sent to a lab and that the field test used to support the guilty finding is invalid. This can be summarized as a challenge to the sufficiency of the evidence.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion") (quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

Here, the evidence is sufficient to support the guilty finding. A white powdery substance was found in Mr. Blaylock's property box. The substance was tested and tested positive for cocaine. [Dkt. 10, ex parte]. To the extent Mr. Blaylock argues the substance should have been retested at a lab, this argument is without merit. Prisoners do not have a generalized right to a retest. *Henson v. U.B. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (holding that there is no general right to retest positive drug results in the context of a prison disciplinary proceeding).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Blaylock's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/14/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

JOHN R. BLAYLOCK
860519
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362